UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAREN R. MERRITT,<br>    Plaintiff,<br><br>v.<br><br>JAMES P. TIERNAN; PENSCO<br>TRUST COMPANY N/K/A PACIFIC<br>PREMIER TRUST CUSTODIAN FBO<br>JAMES P. TIERNAN IRA, ACCOUNT<br>NUMBER 2000750,<br>    Defendants. | C.A. No. 23-509-JJM-LDA |

## ORDER

Before the Court is Defendant James P. Tiernan's Motion to Dismiss. ECF No. 13. He seeks dismissal on two grounds: 1) the claim is barred by the four-year statute of limitations pertaining to 93A claims; and 2) the case should be dismissed pursuant to the Federal Rules of Civil Procedure under Rule 12(b)(7) for failure to join a party under Rule 19.[1] *Id.* Plaintiff Karen R. Merritt objects. ECF No. 15.

## I.   BACKGROUND

On September 17, 2010, Ms. Merritt entered two promissory notes secured by mortgages on her properties located at 7 Brayton Woods Drive, Rehoboth, Massachusetts ("Rehoboth Property") and 91 Oak Street, Norton, Massachusetts ("Norton Property") in exchange for moneys from IRAs owned by Mr. Tiernan and a

---

[1] Mr. Tiernan originally asserted lack of diversity as grounds for his Fed. R. Civ. P. 12(b)(1) motion. Because Ms. Merritt dismissed the non-diverse party, the Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a)(1).

third party unnamed in this suit, Richard J. Fagan. ECF No. 14 at 5-6. On July 27, 2017, Mr. Tiernan and Mr. Fagan declared Ms. Merritt had been in default on the loans since 2011 and notified her they intended to foreclose on the Rehoboth Property. *Id.* at 7. On October 17, 2018, Mr. Tiernan and Mr. Fagan again sent a letter declaring Ms. Merritt in default and stating their intent to foreclose. *Id.* at 8. Attached to the letter was an accounting of the principal and interest, which showed, contrary to the language of the promissory notes, compound rather than simple interest was being charged. *Id.* A year later Mr. Tiernan and Mr. Fagan sent a third letter again declaring Ms. Merritt was in default and their intent to foreclose. *Id.* at 9. This time, the letter stated a foreclosure auction was scheduled to take place. *Id.*

The auction took place as scheduled on December 3, 2019, with the winning bid amounting to $550,000. *Id.* Ms. Merritt believes the foreclosure sale did not close until May 2020. *Id.* at 10. The transfer of the deed for the Rehoboth Property was recorded on May 29, 2020. *Id.* The new owner of the Rehoboth Property then brought actions in the Massachusetts Housing Court seeking to establish superior title to the Rehoboth Property and to evict Ms. Merritt. *Id.* at 10-11. The final judgment in those cases was entered for the new owners in September 2021. *Id.* at 11. On October 30, 2023, Ms. Merritt mailed the Defendants a demand letter identifying her claims. *Id.* at 14. Mr. Tiernan received the demand letter on November 2, 2023. *Id.* On December 1, 2023, Ms. Merritt filed this Complaint asserting a claim under MASS. GEN. LAWS CH. 93A, §§ 2, 9 and amended it in February 2024. ECF Nos. 1, 14. Mr. Tiernan moves to dismiss Ms. Merritt's claim under Fed. R. Civ. P. 12(b)(6) and

12(b)(7) alleging that it is barred by the statute of limitations[2] and should be dismissed for failure to join Mr. Fagan, who also acted to foreclose on the Rehoboth Property. ECF No. 13.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept Ms. Merritt's allegations as true and construe them in the light most favorable to her. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009).

When a defendant raises a statute of limitations defense in a 12(b)(6) motion, dismissal "is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins.*, 142 F.3d 507, 509 (1st Cir. 1998). When considering a 12(b)(7) motion to dismiss for improper joinder, the Court must "decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party" such that "in the person's absence, the suit should not go forward at all." *Pujol v. Shearson Am. Exp., Inc.*, 877 F.2d 132, 134 (1st Cir. 1989).

---

[2] Statute of limitations can be raised in a 12(b)(6) motion if the relevant dates are stated on the face of the pleadings. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008).

## III. DISCUSSION

### A. 12(b)(6) Motion to Dismiss for Failure to Bring a Timely Claim[3]

Consumer protection claims under 93A have a four-year statute of limitations. MASS. GEN. LAWS CH. 260, § 5A (2023); *In re 201 Forest St. LLC*, 409 B.R. 543, 580 (Bankr. D. Mass. 2009). New injury resulting from a previous 93A violation now barred by the statute of limitations "may constitute an unfair or deceptive act subjecting [the Defendants] to liability." *See Dwyer v. Barco Auto Leasing Corp.*, 903 F. Supp. 205, 211 (D. Mass. 1995) (denial of summary judgment on 93A claims brought for imposition of fees pursuant to a lease tainted by a five-year-old fraud). Additionally, "where foreclosure of a mortgage, even on an actual default, is conducted in bad faith to the detriment of the mortgagor, [a 93A] action will lie." *Kattar v. Demoulas*, 739 N.E.2d 246, 257 (Mass. 2000).

Ms. Merritt alleges that the sale did not close (and the deed was not transferred) until May 2020, within the four-year statute of limitations. ECF No. 14. Because the foreclosure sale constituted a new injury resulting from an alleged deceptive act, or may have constituted its own deceptive act, the Court DENIES Mr. Tiernan's Motion to Dismiss for failure to state a timely claim. ECF No. 13.

### B. 12(b)(7) Motion to Dismiss for Failure to Join a Required Party

To determine whether a party must be joined, the Court must first determine whether they are "necessary" to the litigation. *Pujol*, 877 F.2d at 134. The Court

---

[3] The Court will only consider statute of limitations under 93A, as Ms. Merritt has filed no claims under the wrongful foreclosure statute.

begins by asking whether the person "fits the definition of those who should 'be joined if feasible' under Rule 19(a)." *Id.* A person is necessary if their absence would prevent the Court from granting complete relief among the parties, or if the person claims an interest such that "as a practical matter [their absence will] impair or impede the person's ability to protect the interest" or would leave an existing party subject to increased or inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

### 1. Complete Relief – Rule 19(a)(1)(A)

Importantly, "Rule 19(a)(1) is concerned only with those who are already parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006). "That an existing party may pursue or be subject to further litigation against other absent parties has no effect on the analysis under Rule 19(a)(1)(A)." *J & J Sports Prods. Inc. v. Cela*, 139 F. Supp. 3d 495, 504 (D. Mass. 2015). When the issues between the established parties will be resolved upon adjudication, no other party is required. *Id.* at 505.

Mr. Tiernan's sole argument is that as a co-lender and co-mortgagee, omitting Mr. Fagan places Mr. Tiernan at substantial risk "of incurring double, multiple or otherwise inconsistent obligations." ECF No. 13-1. He has not shown why this would preclude the Court from granting complete relief under 93A, particularly when the Complaint alleges that the loans were separately entered and Mr. Tiernan wrongfully foreclosed. *J & J Sports Prods. Inc.*, 139 F. Supp. 3d at 499 (the party seeking to dismiss has the burden to show why an absent party should be joined). Ms. Merritt's grievances concern Mr. Tiernan's behavior as it relates to the promissory note that

he holds and his actions in furthering the foreclosure on the Rehoboth Property. She is seeking damages under 93A and is not attempting to undo the foreclosure, and thus can fully settle her grievances against Mr. Tiernan without joining Mr. Fagan.

### 2. No Claimed Interest – Rule 19(a)(1)(B)

Fed. R. Civ. P. 19(a)(1)(B) requires joinder if a party "claims an interest relating to the subject of the action" and disposing of the action may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"[T]he issue is whether the [parties] claim an interest, not whether they have one." *Duggan v. Martorello*, 596 F. Supp. 3d 195, 204 (D. Mass. 2022) (quoting *Commonwealth of Pennsylvania v. Think Fin., Inc.*, No. 14-cv-7139, 2016 WL 183289, at *5 (E.D. Pa. Jan. 14, 2016)) (emphasis in original). Mr. Fagan never asserted an interest in the current action. Because Mr. Fagan never asserted an interest, Mr. Tiernan cannot argue that Fed. R. Civ. P. 19(a)(1)(B) requires him to be joined.[4]

For these reasons, the Court DENIES Mr. Tiernan's Motion to Dismiss for improper joinder.

### IV. CONCLUSION

The Court finds that the alleged harm is within the statute of limitations and that Mr. Fagan is not a required party because there is no evidence that the parties

---

[4] Having established Mr. Fagan is not a required party, the Court elects not to analyze whether he is indispensable under Rule 19(b).

6

cannot get complete relief, and he has not claimed an interest in this suit by affidavit or otherwise that could lead to hypothetical inconsistent obligations. For these reasons, the Court DENIES Mr. Tiernan's Motion to Dismiss. ECF No. 13.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 29, 2024