UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KAREN R. MERRITT,<br>      Plaintiff,<br><br>      v.<br><br>JAMES P. TIERNAN; and PENSCO<br>TRUST COMPANY *now known as*<br>*Pacific Premier Trust Custodian FBO*<br>*James P. Tiernan IRA, Account*<br>*Number 200075,*<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 23-cv-509-JJM-AEM |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Defendant James P. Tiernan moves for Summary Judgment (ECF No. 70) and Plaintiff Karen R. Merritt moves for Partial Summary Judgment (ECF No. 68) in this case about a promissory Note, a mortgage, a foreclosure, and a title and eviction in Massachusetts state court.  Because there are no factual disputes that are relevant to deciding the legal question here, the Court will first set forth the undisputed facts then proceed to analyze how those facts interact with the law and then conclude.

### I.    FACTS

Karen R. Merritt was in danger of losing her home ("Property") to foreclosure because she had fallen behind in her mortgage payments.  Mr. Merritt's ex-husband had a professional relationship with an accountant who was also the accountant for Defendant James P. Tiernan.  Mr. Tiernan agreed to loan ($146,500) as a "bridge loan" from his personal IRA to Ms. Merritt until Ms. Merritt and her ex-husband

either refinanced or sold the Property.[1]  Ms. Merritt signed a promissory Note for the loan amount payable upon demand.  ECF No. 70-2 at 11-13.  The Note also stated that "THE ENTIRE PRINCIPAL AMOUNT HEREUNDER SHALL IN ALL EVENTS BE DUE AND PAYABLE ONE (1) YEAR FROM THE DATE OF THE EXECUTION OF THIS NOTE."  *Id.* at 11.

The one-year deadline came and went – as did the next six years – without Ms. Merritt or her ex-husband making any payment on the Note.  By letter in 2017, Mr. Tiernan declared that Ms. Merritt had been in default on the loans since 2011 and notified her of his intention to foreclose on the Property.  He claimed that, as of June 30, 2017 the outstanding balance was $851,983.14.

The next year, Mr. Tiernan again sent a letter declaring Ms. Merritt in default and again stating his intent to foreclose the Property as a result.  Attached to the letter was an accounting of principal and interest amounts, which indicated that, contrary to the language of the promissory notes, she was assessed compound rather than simple interest.  The following year Mr. Tiernan sent a third letter again declaring that Ms. Tiernan was in default and his intent was to foreclose on the Property.  This time, the letter stated that a foreclosure auction had been scheduled to take place.

The auction took place on December 3, 2019 with the winning bid of $550,000.  However, the foreclosure sale did not close until May 2020 when the foreclosure deed

---

[1] Another of the accountant's clients lent Ms. Merritt the remaining portion of the money needed to avoid foreclosure.

for the Property was recorded. The Property's new owner brought actions in the Massachusetts Housing Court seeking to establish superior title right to the Property and to evict Ms. Merritt. She had lived without any payment on the Note or rent for a decade – nor has she paid any insurance or taxes on the Property. The final judgment in those cases was delivered for the new owner.

Ms. Merritt filed this Complaint, asserting a claim under G.L. c 93A §§ 2 and 9. ECF 1.

## II.    HISTORY OF LITIGATION

Because so much of Mr. Tiernan's motion involves the effects of other litigation on this case, a review of the relevant prior litigation helps our current analysis.

Litigation involving the loan and mortgage given by Mr. Tiernan to Ms. Merritt and her ex-husband began in August 2020[2] when the purchaser of the Property at the foreclosure sale, L&S Realty, LLC sued[3] Ms. Merritt, her ex-husband, and their children.[4] ("L&S Litigation"). In response to the lawsuit, Ms. Merritt filed a 46-page answer with many affirmative defenses and extensive Counterclaims, including fifteen Affirmative Defenses based on Massachusetts G.L. c. 244 statutory law and foreclosure procedures, which are the same claims that Ms. Merritt asserts in support of her Chapter 93A claim here. Also, Ms. Merritt brought Counterclaims for declaratory, equitable, and injunctive belief, based on alleged violations of G.L. c. 244

---

[2] Before that Ms. Merritt filed bankruptcy.

[3] *L&S Realty, LLC v. James M. Cronan, Molly Cronan, Charles Cronan, Joseph Cronan, and Karen R. Merritt* in Southeast Housing Court, Taunton Session, Civil Action No. 20H83CV00167TA.

[4] L&S Realty alleged that the family remained living in the Property.

3

§ 35A (Count I), G.L. c. 244 § 35B (Count II), for alleged predatory lending in violation of Chapter 93A (Count III), for alleged usury under § 271 and Chapter 93A (Count IV) based on the same statutory provisions that she alleges support her 93A claim in this lawsuit.

The L&S Litigation ended with a final judgment for L&S and against Ms. Merritt and her co-defendants. The Court rejected all the Affirmative Defenses and dismissed all of Ms. Merritt's Counterclaims based on a statute of limitations defense.[5]

### III.    STANDARD OF REVIEW

The role of summary judgment is "to pierce the pleadings and to assess the proof to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of "assert[ing] the absence of a genuine issue of material fact and then support[ing] that assertion by affidavits, admissions, or other materials of evidentiary quality." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). "An issue is 'genuine' if it can be 'resolved in favor of either party,' and a fact is

---

[5] In addition to the L&S Litigation, Ms. Merritt's ex-husband filed suit in Rhode Island Superior Court *James M. Cronan v. Ralph Grieco, James P. Tiernan, the Classic Group, Inc., 88 Fountain Street, LLC*, C.A. No. PC-2019-3655. Ms. Merritt unsuccessfully tried to intervene, and the Court dismissed the lawsuit when Mr. Cronan did not appear for a pretrial conference.

'material' if it 'has the potential of affecting the outcome of the case.'" *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (quoting *Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016)).

Once the moving party has met its burden, "[t]he burden then shifts to the nonmovant to establish the existence of a genuine issue of material fact." *Pleasantdale Condos., LLC v. Wakefield*, 37 F.4th 728, 733 (1st Cir. 2022). To satisfy this burden, the nonmovant "must present definite, competent evidence" demonstrating that a trial-worthy issue exists. *Id.* (quoting *Mesnick*, 950 F.2d at 822). "[C]onclusory allegations, improbable inferences, and unsupported speculation" are not enough. *Kinzer v. Whole Foods Mkt., Inc.*, 99 F.4th 105, 108 (1st Cir. 2024) (quoting *Ellis v. Fid. Mgmt. Tr. Co.*, 883 F.3d 1, 7 (1st Cir. 2018)). The Court must "view the record in the light most favorable to the non-moving party and resolve all reasonable inferences in its favor, without weighing the evidence or evaluating the credibility of the witnesses." *Sheehan v. N. Am. Mktg. Corp.*, 610 F.3d 144, 149 (1st Cir. 2010) (citing *Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006)).

If there are no disputes about any relevant facts, then the Court must determine whether the movants are entitled to judgment as a matter of law.

## IV.  DISCUSSION

The Court will first analyze Mr. Tiernan's assertions for summary judgment because, if the Court agrees, that conclusion is dispositive of the case. Mr. Tiernan asserts a barrage of reasons why he is entitled to judgment as a matter of law most significantly: that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine,

collateral estoppel, and/or res judicata. Substantively, he argues that the case should be dismissed because Ms. Merritt failed to prove that he was engaged in "trade or commerce" as required by Chapter 93A, she lacks proof of damages, and the statute of limitations bars her claims.

### A. Rooker-Feldman

"The *Rooker-Feldman* doctrine preserves the Supreme Court's exclusive jurisdiction over 'appeals from final state-court judgments,' by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64 (1st Cir. 2018) (citations omitted). Specifically, the doctrine[6] applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments [that were] rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Federal courts lack subject matter jurisdiction "where the issues presented in the case 'are inextricably intertwined' with questions previously decided by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error." *Mills v. Harmon L. Offs., PC*, 344 F.3d 42, 44 (1st Cir. 2003) (quoting *Hill v. Conway*, 193 F.3d 33, 29 (1st Cir. 1999)). Federal claims are "inextricably intertwined" with state court claims if the "federal court

---

[6] The *Rooker-Feldman* doctrine is derived from two U.S. Supreme Court cases– *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

claim succeeds only to the extent that the state court wrongly decided the issues before it." *Hill*, 193 F.3d at 39 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 23, 25 (1987) (Marshall, J., concurring)).

Mr. Tiernan asserts that Ms. Merritt's "93A claims rely exclusively on alleged deficiencies in the foreclosure proceeding and her claims that [he] applied usurious interest in the foreclosure proceeding." ECF No. 70 at 17. Because a state court issued a final judgment in the L&S Litigation, he asserts that this action is a case "brought by a state-court loser[] complaining of injuries caused by state-court judgments rendered before [these] proceedings commenced and inviting [this court review and rejection of those judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Counterclaims and the Affirmative Defenses that Ms. Merritt raised in response to the Complaint in the L&S Litigation are remarkably like and perhaps "almost identical" to the legal and factual claims she asserts in this federal lawsuit She asserted violations of G.L. c. 244, and Chapter 93A. In that case, the Massachusetts court dismissed her case on statute of limitations grounds and entered final judgment against her, stating that from "a review of the record even under a theory asserting equity, this case was before the Land Court . . . and [Ms.] Merritt . . . could have and should have asserted [her] respective claims concerning predatory lending in violation of G.L. c. 188C and G.L. 93A in that venue. [Her] failure to pursue those claims at that time does not allow for a waiver of the applicable statute of limitations here. In the opinion of the Court there was ample opportunity for [Ms.

Merritt] to pursue those claims in that respective forum and against the parties most culpable for any alleged lending violations." ECF No. 80, Ex. A at 3. In this case, Ms. Merritt brings nearly identical claims under Chapter 93A challenging deficiencies in the foreclosure procedure and unfair interest charges. These "matters fall[] squarely within the compass of the state-court judgments," *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 65 (1st Cir. 2018), and so squarely within *Rooker-Feldman*'s coordinates.

Ms. Merritt contends that she does not ask this Court to vacate, revise, or disturb the Massachusetts Housing Court possession judgment because she does not seek possession, title, or any form of relief that would alter the state court's judgment or its operative effect. She argues that *Rooker-Feldman*'s jurisdictional bar does not apply because she seeks damages and statutory relief for Defendant's independent creditor conduct—including the generation and enforcement of cure, default, and payoff figures, and the leveraging of recorded instruments and enforcement process in trade or commerce. ECF No. 76 at 5. Because she did not present these legal theories to the state court, she argues that she should be allowed to continue her case before this Court.

But "a plaintiff cannot escape the *Rooker-Feldman* bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 65 (1st Cir. 2018); *Leavitt v. United States Auto. Ass'n*, 2024 WL 218504 (D. Mass. January 19, 2024). The Court can still apply *Rooker-Feldman* where a different

theory is put forth – the "doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit. Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Id.*; *see Federación de Maestros de P.R.*, 410 F.3d at 24 (stating that "a federal suit seeking an opposite result [from a final state court judgment] is an impermissible attempt to appeal the state judgment to the lower federal courts").

As to her predatory lending claims, the Housing Court "also note[d] that his matter has been litigated in several forums and Respondent also failed to assert any of the claims under the promissory notes when said claims were within both of the aforementioned applicable statutes of limitations." ECF No. 80, Ex. A at 3. If the Court was to allow Ms. Merritt claim to proceed, it would have to undo – or at least undercut – the Massachusetts state court's judgment in the L&S Litigation, which ruled against Ms. Merritt on the same or essentially similar claims that are presented here.[7] Because Ms. Tiernan litigated her foreclosure-related claims in the Massachusetts courts and the Housing Court entered final judgment against her on her claims, for important reasons of public policy, the "inextricably intertwined" claims that she has brought in this case are barred by the *Rooker-Feldman* doctrine and Mr. Tiernan is thus entitled to summary judgment.

---

[7] The state cases and this federal case did not overlap. Ms. Merritt filed this federal court case after she lost her state court cases. *See Exxon Mobile Corp. v. Saudi Basic Indus., Corp.*, 544 U.S. 280 (2005) (*Rooker-Feldman* does not apply more broadly to any federal case that overlaps with parallel state-court litigation).

B. *Res Judicata and Collateral Estoppel*

While the Court concludes that it lacks jurisdiction over Ms. Merritt's claim under the *Rooker-Feldman* doctrine, to the extent that she identifies any other arguments for this Court's jurisdiction based on new information, the Court will consider two legal axioms that Mr. Tiernan raises in support of his Motion for Summary Judgment – res judicata and collateral estoppel. Because the Court finds that Ms. Merritt's claim has been previously litigated in prior proceedings, it is barred from this Court's hearing under both res judicata and collateral estoppel.

"Res judicata bars a party from re-litigating claims that were or could have been raised in prior litigation where there is: '(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" *Bishay v. Ricciuti*, 575 F. Supp. 3d 262, 268 (D. Mass. 2021), *aff'd*, No. 22-1033, 2023 WL 9111255 (1st Cir. Apr. 26, 2023) (quoting *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003)). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files or forever be barred from asserting it. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003). The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94, (1980).

Collateral estoppel bars the re-litigation of issues or facts where: "(1) [T]he issue sought to be precluded in the later action is the same as that involved in the

10

earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 90 (1st Cir. 2007). "A judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n. 5 (1979). Because these doctrinal elements are in lockstep, the Court will consider them together.

Here, as to the identity of the parties element, parties in the state and federal actions are the same. As for determining privity, the Court looks for "'a community of interest between the two entities' and when they 'sufficiently represent' each other's interests." *IDC Prop., Inc. v. Chicago Title Ins. Co.*, 728 F. Supp. 3d 236, 249 (D.R.I 2024) (quoting *Duffy v. Milder*, 896 A.2d 27, 36 (R.I. 2006)). Here, as the purchaser of the Property, L&S was in privity with Mr. Tiernan as sellers of the Property. Ms. Merritt was a party to all the foreclosure and Housing Court proceedings. And the Housing Court allowing Ms. Merritt to assert all her foreclosure-related claims against L&S in the Housing Court Action. As to the finality of judgment, the Housing Court's judgment was final when Ms. Merritt brought this action. As to identity of issues, as the Court has detailed above, the issues presented here are identical (although now solely recast as 93A claims) to those presented and were essential to the judgment entered against her in state court.

Here, all the claims that Ms. Merritt is asserting in this case either were asserted unsuccessfully in state court or could have been asserted in the L&S

Litigation and Ms. Merritt failed to do so.  Ms. Merritt had more than a full and fair opportunity to litigate these issues.  Accordingly, collateral estoppel and res judicata also bars this Court's jurisdiction over Ms. Merritt's 93A claim.

## V.    CONCLUSION

The  Court  GRANTS  Defendant  James  P.  Tiernan's  Motion  for  Summary Judgment.  ECF No. 70.  The Court DENIES Plaintiff Karen R. Merritt's Motion for Partial Summary Judgment.  ECF No. 68.[8]


IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court


March 20, 2026

---

[8] The Court also DENIES AS MOOT: Defendant's Motion to Strike Statement of Undisputed Facts (ECF No. 74); Plaintiff's Motion for Prejudgment and Limited Discovery (ECF No. 87); and Plaintiff's Motion for Expedited Consideration of Summary Judgment Motion Due to Medical Hardship (ECF No. 88).